## (December 8, 1964)

■    BERNARDINE VERRO, Respondent, v. CHEMICAL CORN EXCHANGE BANK, Appellant.

Judgment affirmed, with $50 costs to the respondent.

McNALLY, J. (dissenting). I dissent and vote to reverse and dismiss the complaint on the ground there is no actionable negligence.

Plaintiff, 56 years of age at the time of trial, 5 feet 6 inches in height and weighing 226 pounds, brought this action to recover for personal injuries claimed to have been received on July 18, 1958 at the Chemical Corn Exchange Bank, 167th Street and Jerome Avenue in the Bronx, where it is alleged

she hit her back on a ledge which jutted out approximately 2 to 2½ inches over the back of a chair in which she was about to sit. Plaintiff also. alleges that the chair on which she sat had been brought by a bank guard.

The claim of negligence is the placement of the chair under a ledge so that the ledge protruded about 2 to 2½ inches over the back of the chair. The ledge was approximately 3½ to 4 feet high and about 4 inches above the back of the chair.

In my opinion there is no actionable negligence. The physical facts were equally available and apparent to plaintiff and defendant through its employee. If, as plaintiff contends, the chair was placed too close to the ledge, it was consequent on an error in judgment as to its placement for which the plaintiff must assume responsibility. Whether the responsibility of the plaintiff was partial or total is of no consequence. In no view of the case was plaintiff legally justified in failing to observe and act on the physical facts by removing the chair if it appeared to be in a place of possible danger. In addition, it is virtually impossible to conceive how the accident described could have caused the injuries claimed to have resulted. On this phase of the case the verdict is clearly against the weight of the evidence.

Breitel, J. P., Rabin and Stevens, JJ., concur in decision; McNally, J., dissents and votes to reverse and dismiss the complaint in opinion, in which Steuer, J., concurs.

Judgment affirmed, with $50 costs to the respondent.